

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROBERT LEROY JACOBS,

        Plaintiff,

v.

                                            ACTION NO. 2:16cv677

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

This matter is before the court on the Objections of the Plaintiff, Robert Leroy Jacobs, to the Magistrate Judge's Report & Recommendation ("R&R"), and the Response from the Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("SSA"). ECF Nos. 17, 18. The R&R recommended that the court grant the Defendant's Motion for Summary Judgment, thereby upholding the Administrative Law Judge's ruling denying the Plaintiff's claim for disability insurance benefits. ECF No. 16. For the reasons stated herein, this court finds that the Administrative Law Judge ("ALJ") applied the correct legal standards and came to a conclusion supported by substantial evidence.

I.

A. Factual & Procedural History[1]

On October 26, 2012, the Plaintiff applied for disability insurance benefits, stating that he became disabled on March 15, 2012, due to a bad back, problems with his left knee and left ankle, and diabetes. R. at 272-75, 309, 322.[2] The SSA denied the request for benefits on August 27, 2013, and again upon reconsideration on January 14, 2014. R. at 219-21, 229-35. On August 13, 2015, an ALJ held a hearing where he received testimony from the Plaintiff, who was represented by counsel, and a vocational expert. R. at 149, 156-85. At the hearing, the Plaintiff amended the onset date of disability to September 18, 2012. R. at 158-59. On August 26, 2015, the ALJ denied the Plaintiff's claim, finding that he had not been under a disability, as defined in the Social Security Act. R. at 141 (citing 20 C.F.R. § 1520(g)).

On September 21, 2016, the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. R. at 1-6. Thus, the ALJ's findings stand as the final decision of the SSA for purposes of judicial review. See 42 U.S.C. §§ 405(h),

---

[1] The facts of this case are fully and accurately set forth in the R&R. The court, however, will provide a brief outline of the relevant events.

[2] Page citations to the record refer to the administrative record that the Commissioner previously filed with the court. ECF No. 9; see R&R at 2 n.1.

2

1383(c)(3); 20 C.F.R. § 404.981. After exhausting all administrative remedies, on November 29, 2016, the Plaintiff brought this action under 42 U.S.C. § 405(g), seeking judicial review of the SSA's final decision. ECF No. 3. The Defendant filed an Answer on February 23, 2017. ECF No. 8.

On February 24, 2017, this matter was referred to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 10. Following the Magistrate Judge's Order, ECF No. 11, the parties filed cross motions for summary judgment along with supporting memoranda on March 28 and 30, 2017, and April 26, 2017. ECF Nos. 12-13, 14-15. On December 6, 2017, the Magistrate Judge filed the R&R, which recommended affirming the SSA's final decision. R&R at 1, ECF No. 16. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. Id. at 36. On December 20, 2017, the Plaintiff filed Objections to the R&R, ECF No. 17, and the Defendant responded on January 3, 2018. ECF No. 18.

### B. ALJ's Decision

In evaluating the Plaintiff's disability claim, the ALJ followed the SSA's five-step evaluation process used to determine whether an individual is disabled. R. at 131-32; 20

C.F.R. § 404.1520(a). The ALJ considered whether the Plaintiff: (1) was engaged in substantial gainful activity; (2) had a severe impairment; (3) had an impairment that meets or medically equals a condition within the SSA's listing of official impairments; (4) had an impairment that prevents him from performing any past relevant work in light of his residual function capacity ("RFC");[3] and (5) had an impairment that prevents him from engaging in any other substantial gainful employment. R. at 132-41; 20 C.F.R. § 404.1520(a)(4).

The ALJ found that the Plaintiff had not engaged in substantial gainful activity since September 18, 2012, and suffered from the following severe impairments: back disorder, bilateral knee disorder, left ankle disorder, hypertension, diabetes mellitus, right shoulder disorder, obesity, mood disorder, anxiety disorder, and substance abuse. R. at 132-33. The ALJ then determined that none of these severe impairments met or medically equaled conditions within SSA's list of official impairments. R. at 133-35. At step four, the ALJ found that the Plaintiff possessed an RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), subject to certain limitations. R. at 135. Based upon this RFC, the ALJ then determined that the Plaintiff could not return to his past

---

[3] The RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a).

relevant work as an automobile detail manager, security guard, assembler, or worker in a body shop or warehouse. R. at 139. However, at step five, the ALJ found that the Plaintiff still had the ability to engage in other substantial gainful employment, including working as an information clerk, a small products assembler, or a clerical checker, and that these jobs existed in significant numbers in the national economy. R. at 140-41. Based upon this finding, the ALJ found that the Plaintiff did not qualify as "disabled." R. at 141.

In determining the Plaintiff's RFC, the ALJ followed the two-step process detailed in Social Security Ruling ("SSR") 96-7p, 61 Fed. Reg. 34,483-85 (July 2, 1996). R. at 135-36.[4] The first step looks to whether there is an underlying medically determinable impairment that could reasonably be expected to produce the claimant's alleged pain or other symptoms. 61 Fed. Reg. at 34,484-85. If the claimant demonstrates this, the ALJ next evaluates "the intensity, persistence, and limiting effects" of the alleged symptoms and determines the extent to which they limit the individual's ability to do basic work activities. Id. at 34,485. "[W]henever the individual's statements about the intensity, persistence, or functionally

---

[4] After the ALJ issued his findings, SSR 96-7p was superseded by SSR 16-3p, 81 Fed. Reg. 14,166 (Mar. 16, 2016). Because SSR 16-3p was not in effect at the time of the ALJ's decision, it is not relevant to the analysis here.

limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." Id.

Here, the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, his statements concerning their intensity, persistence, and limiting effects were not entirely credible. R. at 136. Specifically, the ALJ found that the Plaintiff "fail[ed] to establish that [his] musculoskeletal impairments . . . caused him to become unproductive in his daily routine." Id. The ALJ provided objective medical evidence to support this finding, including, inter alia, November 2012 records compiled at the U.S. Department of Veterans Affairs Medical Center in Hampton, Virginia ("VA Medical Center"), which overall found that the Plaintiff did not suffer neck or muscle pain and had a "smooth unassisted gait," and 2013 records that also found that the Plaintiff had "an independent and safe gait with a cane" and lacked neck or muscle pain. R. at 136, 411, 584, 601, 711.

The ALJ gave "no weight" to the opinions of Vincent Lee, M.D., a staff physician at the VA Medical Center. R. at 136-38. Dr. Lee opined in November 2014, and in February 2015, that the Plaintiff was unable to work due to back and knee pain as a result of his degenerative joint disease and arthritis. R.

at 744-45, 753. The ALJ pointed out that this conclusion was inconsistent with Dr. Lee's notes from February 2015, which stated that the Plaintiff displayed a full range of motion of the musculoskeletal system, and had no joint or muscle pain. R. at 137, 753. The ALJ added that Dr. Lee's April 2015 musculoskeletal examination was also "unremarkable, save for some pain and crepitus with range of motion in the knees," and the subsequent imaging of his knees resulted in "only mild findings." R. at 137, 764, 771, 792. The ALJ additionally highlighted the contradiction between Dr. Lee's February 2015 remark that the "patient cannot work due to back pain" and his separate claim made that same month that the Plaintiff could perform work in a less than sedentary RFC. R. at 138, 746-47, 753.

The ALJ noted other physicians' conclusions that were contrary to Dr. Lee's. For example, the ALJ mentioned the August 2013 findings of Chris Bovinet, D.O., who performed a consultative examination in conjunction with the Plaintiff's claim for disability benefits. R. at 138, 656-64. Dr. Bovinet found that the Plaintiff had a normal range of motion throughout, with only guarded range of motion of the right shoulder and left knee, along with mild crepitus in both knees. R. at 138, 660. Dr. Bovinet diagnosed the Plaintiff with pain in the left knee, right shoulder, and low back, and opined that the

Plaintiff did "not demonstrate any major overall source of disability" and could perform a limited range of light work. R. at 138, 661. The ALJ also referenced the findings of state agency medical consultants at Disability Determination Services, who similarly concluded that the Plaintiff was capable of performing work in a limited light RFC. R. at 139, 213. Lastly, the ALJ gave significant weight to the forty percent (40%) VA disability rating, expressly taking into account <u>Bird v. Comm'r Soc. Sec.</u>, 699 F.3d 337, 343 (4th Cir. 2012) (holding that the SSA must give substantial weight to a VA disability rating, but may give less weight to it when the record demonstrates that such a deviation is appropriate). R. at 139, 695.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), the court, having reviewed the record in its entirety, shall make a <u>de novo</u> determination of those portions of the R&R to which a party has specifically objected. The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C).

In reviewing a denial of benefits by the SSA, the court must only determine whether the SSA used the proper legal standard and whether substantial evidence in the record supports the decision to deny benefits. 42 U.S.C. § 405(g); <u>Johnson v.</u>

Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence 'is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), superseded by regulation on other grounds, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Substantial evidence requires "more than a mere scintilla of evidence," but "may be somewhat less than a preponderance." Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

"In reviewing for substantial evidence, [the court does] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court should defer to the ALJ. Id. In short, reversal of the denial of benefits is appropriate only if (1) the record lacks substantial evidence to support the ALJ's decision, or (2) the ALJ made an error of law. See id.

### III.

The Plaintiff raises two objections to the R&R. First, the Plaintiff objects to the Magistrate Judge's "attempts to justify the ALJ's failure to properly evaluate and weigh expert medical opinion evidence, especially those of treating and examining

9

medical providers." Pl.'s Obj. at 1 (citing R&R at 25-32). Second, the Plaintiff objects to the Magistrate Judge's "attempts to justify the ALJ's failure to properly evaluate and weigh Plaintiff's credibility." Id. at 2 (citing R&R at 32-35).

## A. Treating Physician Rule

The Plaintiff initially challenged the ALJ's decision by arguing that he had followed incorrect legal standards in evaluating expert medical opinion evidence. Pl.'s Mem. Supp. Mot. Summ. J. ("Pl.'s Mem.") at 6, ECF No. 13. The Plaintiff now objects to the Magistrate Judge's justifications for upholding the ALJ's decision. Pl.'s Obj. at 1.

The treating physician rule requires that a treating physician's opinion on the nature and severity of a claimed impairment to be entitled controlling weight, if it is based on well-supported medical evidence and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). If the ALJ finds the treating physician's opinion should not be entitled to controlling weight, he should not reject the opinion outright; rather, the ALJ should determine its appropriate weight, and explain the reasoning for doing so. Id. § 404.1527; SSR 96-2p, 61 Fed. Reg. 34,490-92 (July 2, 1996). To determine its weight, the ALJ applies the following non-exhaustive list of factors: (1) the length of the treatment relationship between the physician and the claimant,

and the frequency of examinations; (2) the nature and extent of that treatment relationship; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the physician is a specialist. Johnson, 434 F.3d at 654; 20 C.F.R. § 404.1527(c)(2)-(6).

First, the Plaintiff argues that the ALJ failed to appropriately weigh the opinion of Dr. Lee, a treating physician, because he gave the opinion "no weight." Pl.'s Mem. at 7-10. The Plaintiff objects to the Magistrate Judge's affirming this finding, R&R at 25-30, arguing that the R&R relies on reasons and arguments that the ALJ did not state or use, and therefore the R&R's reasoning cannot be the basis for affirming the ALJ's finding pursuant to SEC v. Chenery Corp., 318 U.S. 80 (1943). Pl.'s Obj. at 1. Under Chenery, a court reviewing an agency decision can only consider the reasoning the agency itself used. 318 U.S. at 93-95; Inova Alexandria Hosp. v. Shalala, 244 F.3d 342, 350 (4th Cir. 2001) ("The required explanation must be articulated by the agency at the time of its action; neither [the court] nor the agency may supply the explanation . . . ."). However, the alleged error is harmless "if the decision 'is overwhelmingly supported by the record . . . [, and] remanding is a waste of time.'" Bishop v. Comm'r Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014) (quoting Spiva v.

Astrue, 628 F.3d 346, 353 (7th Cir. 2010)); see Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) (applying the harmless error doctrine to the Chenery principle).

The court agrees that the ALJ's decision to give Dr. Lee's opinion no weight was based on substantial evidence. Thus, to the extent that the Plaintiff's objection under the Chenery doctrine may have merit, such error is harmless. See Bishop, 583 F. App'x at 67. In any event, by using additional evidence from the record to support the ALJ's findings, the Magistrate Judge was merely pointing out that the record, as a whole, is consistent with the substantial evidence relied upon by the ALJ. See Wells v. Astrue, 2012 WL 966660, at *3 (E.D. Va. Mar. 21, 2012) (finding that using additional evidence from the record to support the ALJ's findings was "precisely the task prescribed by 42 U.S.C. § 405(g)").

The Plaintiff's contention that treating physician opinions are entitled to at least some weight also fails here. See Pl.'s Obj. at 1-2; Pl.'s Mem. at 7-9 ("Even if . . . Dr. Lee's opinion of the intensity, persistence, or functionally limiting effects of the pain are not fully substantiated by objective medical evidence, that would not reduce the opinion to a zero."). Courts in the Eastern District of Virginia have found that affording a treating physician's opinion no weight should be upheld as long as substantial evidence supports the decision. E.g., Smith v.

Colvin, 2015 WL 6125720, at *13 (E.D. Va. Oct. 16, 2015); Parker v. Colvin, 2015 WL 5793695, at *16-17 (E.D. Va. Sept. 29, 2015); Nichols v. Colvin, 100 F. Supp. 3d 487, 505-08 (E.D. Va. 2015); Bryant v. Colvin, 2014 WL 5092743, at *6-7 (E.D. Va. Sept. 30, 2014); Jordan v. Colvin, 2014 WL 3640909, at *9-11 (E.D. Va. July 16, 2014). Thus, as long as the ALJ provided sufficient reasons for affording Dr. Lee's opinion no weight, his decision should be left untouched. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 61 Fed. Reg. at 34,490-92.

Moreover, and importantly, the ALJ did not simply reject Dr. Lee's opinion without evaluating it. See R&R at 25 ("[T]he ALJ considered Dr. Lee's opinions and found them wanting."). Rather, the ALJ reviewed the record as a whole, and determined that Dr. Lee's opinion deserved no weight in light of the entire record. R. at 136-39. The ALJ specifically pointed to evidence from the record that showed Dr. Lee's medical opinions lacked supportability and were inconsistent with the record. Id.[5] Therefore, even assuming Dr. Lee constitutes a treating physician, the supportability and consistency factors weigh heavily against according his opinion controlling weight. The

---

[5] As stated previously, supra Part III.A., when a treating physician opinion is not given controlling weight, the ALJ assigns its weight using certain factors; these include supportability and consistency. See Johnson, 434 F.3d at 654; 20 C.F.R. § 404.1527(c).

Magistrate Judge correctly pointed out the objective medical evidence that the ALJ used to show the inconsistencies between Dr. Lee's opinions that the Plaintiff was disabled and the record as a whole. See R&R at 28-29; R. at 136-39.[6] The Magistrate Judge also noted the ALJ's finding that there was an absence of evidence to support Dr. Lee's conclusion that the Plaintiff was unable to work. R&R at 26-28.[7] Accordingly, the ALJ relied on substantial evidence in finding that Dr. Lee's opinion was unsupported and inconsistent, and thus worthy of no weight.

Next, the Plaintiff challenges the ALJ's failure to explain the weight accorded to the consultative examiners' findings. Pl.'s Obj. at 2. The Magistrate Judge addressed this challenge by noting that although the ALJ did not expressly give the opinions of Dr. Bovinet or the state agency physicians a numerical weight, he considered them in conjunction with the record, as demonstrated by the ALJ's conclusion that the Plaintiff was capable of performing light work with added limitations. R&R at 29-31.

Lastly, the Plaintiff questions the ALJ and Magistrate Judge's medical knowledge, suggesting it was impossible that one could find that degenerative joint disease does not limit one's use of hands and fingers. Pl.'s Obj. at 2. This allegation

---

[6] See also supra Part I.B.

[7] See also supra Part I.B.

misses the point. Neither the Magistrate Judge nor the ALJ ever found that the Plaintiff lacked serious physical impairments, only that he did not meet the definition of disabled pursuant to the Social Security Act. R. at 139-41; R&R at 29-31. The court reminds the Plaintiff that the task of making a disability determination is left to the Commissioner; medical opinions regarding disability are only persuasive. See 20 C.F.R. § 404.1527(d); R&R at 25.

After reviewing the record de novo, the court finds that the Magistrate Judge correctly concluded that the ALJ's evaluation of medical opinions was supported by substantial evidence. Therefore, the court defers to the ALJ's decision and **OVERRULES** the Plaintiff's first set of objections.

### B. Credibility Assessment

The Plaintiff initially argued that the ALJ used "boilerplate" language when explaining why he found the Plaintiff's testimony not entirely credible, thus failing to provide sound reasoning. Pl.'s Mem. at 10 (citing SSR 96-7, Purpose 5, 61 Fed. Reg. at 34,484). The Plaintiff now objects to the Magistrate Judge's alleged "generalizations and assumptions" used to support the ALJ's decision. Pl.'s Obj. at 2-3.

The court defers to credibility determinations by the ALJ, see Johnson, 434 F.3d at 653, and upholds them unless "exceptional circumstances" exist. See Bishop, 583 F. App'x

at 68 (citing <u>Eldeco, Inc. v. NLRB</u>, 132 F.3d 1007, 1011 (4th Cir. 1997)). "Exceptional circumstances include cases where a 'credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" <u>Edelco</u>, 132 F.3d at 1011 (quoting <u>NLRB v. McCullough Envtl. Servs., Inc.</u>, 5 F.3d 923, 928 (5th Cir. 1993)).

To determine a claimant's RFC, the ALJ evaluates the alleged symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1529(a).[8] In doing so, the ALJ makes a finding as to the credibility of the claimant's subjective complaints based on consideration of the record as a whole. SSR 96-7p, 61 Fed. Reg. at 34,485. Although the ALJ cannot discount a claimant's subjective evidence of pain intensity solely based upon objective medical findings, the ALJ may do so when there are inconsistencies in the evidence or conflicts between the claimant's statements and the medical history. <u>See</u> 20 C.F.R. § 404.1529(c)(2)-(4).

The ALJ stated that the Plaintiff's testimony regarding his symptoms was "not entirely credible for the reasons explained in this decision." R. at 136. The ALJ then gave a "lengthy review

---

[8] <u>See</u> <u>supra</u> Part I.B. (detailing the two-step process used to evaluate a claimant's RFC).

of the medical evidence" to support this finding. R&R at 33. The Magistrate Judge cited evidence the ALJ used to support his finding including, inter alia, the Plaintiff's very conservative treatment history, objective medical findings, and testimony regarding the Plaintiff's daily activities. Id. at 33-35; R. at 134-39; see also Def.'s Resp. at 5-6. After reviewing the record de novo, the court agrees with the Magistrate Judge and finds the ALJ's decision to be supported by substantial evidence and thus the court defers to his decision. Therefore, the court **OVERRULES** the Plaintiff's second objection.

## IV. CONCLUSION

The court, having reviewed the record in its entirety, and having made de novo determinations in regard to the Objections filed to the R&R, does hereby **ADOPT AND APPROVE IN FULL** the findings and recommendations of the Magistrate Judge. The Plaintiff's Motion for Summary Judgment is **DENIED**, the Defendant's Motion for Summary Judgment is **GRANTED**, and the Acting Commissioner's final decision denying benefits to the Plaintiff is **AFFIRMED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to counsel for the parties.

**IT IS SO ORDERED.**

                                                              /s/
                                          Rebecca Beach Smith
                                              Chief Judge

January 31, 2018